| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------- X<br>MICHAEL YAMASHITA and MICHAEL<br>YAMASHITA, INC.,<br><br>                          Plaintiffs,<br><br>          -v-<br><br>SCHOLASTIC, INC.,<br><br>                         Defendant.<br>------------------------------------------------------------- X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: <u>January 5, 2017</u><br><br>16-cv-9201 (KBF)<br><br><u>MEMORANDUM<br>OPINION & ORDER</u> |

KATHERINE B. FORREST, District Judge:

      Plaintiffs Michael Yamashita and Michael Yamashita, Inc., commenced this action on June 28, 2016, in the U.S. District Court for the District of New Jersey. (Compl., ECF No. 1). On September 14, 2016, defendant filed a motion to dismiss for failure to state a claim or, in the alternative, to transfer venue to the Southern District of New York. (ECF No. 12.) On November 21, 2016, the Honorable Stanley R. Chesler granted defendant's motion to as to venue and transferred this action to the Southern District of New York, where it was assigned to the undersigned on November 29, 2016. (ECF No. 24.)

      Defendant has renewed its motion to dismiss for failure to state a claim. (ECF No. 29.) Because the complaint does not plead sufficient facts to support its claims beyond mere speculation, defendant's motion is GRANTED.

      Federal Rule of Civil Procedure 8 requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds

upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)); <u>see also</u> Fed. R. Civ. P. 8(a)(2).  These "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" <u>Twombly</u>, 550 U.S. at 555.  Rule 8 "asks for more than a sheer possibility that defendant acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability," it cannot survive a motion to dismiss. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (internal quotations marks and citations omitted).

It is beyond cavil that Rule 8 requires a plaintiff complaining of copyright infringement to plead facts sufficient to support at least one plausible claim of infringement.  See <u>Kelly v. L.L. Cool J</u>, 145 F.R.D. 32, 36 (S.D.N.Y. 1992), <u>aff'd</u>, 23 F.3d 398 (2d Cir. 1994) ("A properly plead copyright infringement claim must allege 1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by what acts during what time the defendant infringed the copyright.").  Plaintiffs have not met this standard.

The complaint speculates about "various ways" defendants might have infringed, but admits that the allegedly infringing publications "have not yet been identified," that "Scholastic alone knows of these wholly unauthorized uses," and that "Scholastic alone knows the full extent to which it has infringed [plaintiffs'] copyrights[.]"  (Compl. ¶¶ 13-15.)  Plaintiffs do not name a single instance of infringement or allege facts to establish a timeframe for when such an infringement

might have occurred.  Instead, they cast out five possible ways defendants could have infringed some time "after" defendants obtained the photographs.[1]  (Id. ¶ 13, 14.)  This is wholly insufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Twombly, 550 U.S. at 555.

The complaint contains so few factual allegations it is nothing more than a fishing expedition.  Rule 8 does not permit such aimless trawling.  The motion to dismiss is therefore GRANTED.

The Clerk of Court is directed to terminate this action.


SO ORDERED.

Dated:      New York, New York
            January 5, 2017

                                              _____
                                              KATHERINE B. FORREST
                                              United States District Judge

---

[1] Plaintiffs argue specifying that defendants infringed "after" obtaining the photographs provides a sufficient factual basis to establish a timeframe for when the alleged infringement occurred. (Brief in Opp. at 14, ECF No. 14.)  Not so.  Any infringement would necessarily happen "after" defendants accessed the copyrighted material.  This allegation adds no factual support to the complaint.